(4)                                    1/7/21

STATE OF MAINE                                    SUPERIOR COURT
OXFORD, ss.                                       CIVIL ACTION
                                                  DOCKET NO. RE 2019 - 30

MLP/SC #144-21

Cumberland County Federal
Credit Union

v.                                        ORDER

Phillip Swanson *et. al.*

Before the court in this foreclosure action is Plaintiff's Motion for Summary Judgment. Besides the usual facts that the court considers in a foreclosure summary judgment, the Plaintiff also seeks reformation of the mortgage deed. Because the court finds that there are genuine issues of material fact in dispute both whether the deed should be reformed and whether the mortgagor actually signed the deed, the motion for summary judgment is denied.

Alan Swanson ("Alan") borrowed $85,000 from Plaintiff Cumberland County Federal Credit Union ("CCFCU"). CCFCU contends Samantha Phillippe-Swanson ("Swanson") executed a mortgage deed conveying a mortgage to CCFCU to secure Alan's note. As written, however, the deed secures a loan to the signor of the mortgage deed, namely Samantha. Samantha did not borrow from CCFCU or sign any loan agreement.

Samantha later passed away. Phillip Swanson ("Phillip"), Samantha's son and one of the personal representatives of her estate, now lives in the real property. Phillip provided evidence that Samantha was estranged from Alan, was ill, and would not have knowingly conveyed a mortgage deed encumbering her property to secure Alan's loan.

The court will grant summary judgment pursuant to M.R.Civ.P. 56 if:

1

the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. A fact is material if it has the potential to affect the outcome of the suit, and a genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive. A defendant who is the moving party has the initial burden to establish that there is no genuine dispute of fact and that the undisputed facts would entitle the defendant to judgment as a matter of law" at trial. The nonmoving plaintiff must then demonstrate that material facts are disputed and must make out a prima facie case for its claim.

*Oceanic Inn, Inc. v. Sloan's Cove, LLC*, 2016 ME 34, ¶25-¶26 (quotations marks and citations omitted).

Whether the parties to a deed were mistaken is a question of fact. *Gravison v. Fisher*, 2016 ME 35, ¶31. "Reformation is an equitable remedy by which an instrument may be corrected when a mistake is discovered so as to reflect the real intention of the parties. To secure reformation based upon mistake, a party must prove by clear and convincing evidence that the parties to the deed labored under a mutual mistake of fact regarding a term of the written instrument, such as the location or description of the property." *Id.*, ¶ 30 (citations and quotations omitted).

Defendant has raised genuine issues of material fact whether Samantha intended to encumber her property by securing Alan's debt. Defendant has provided evidence that Samantha and Alan were estranged, that they did not live together, that Alan had a severe drug problem, and that Samantha had expressed distrust of Alan. Defendant has also generated a genuine issue of fact whether Samantha signed the Note.

Because the mortgage on its face does not secure Alan's loan and because there is a genuine issue of material of fact either whether the mortgage was intended to secure

2

Alan's loan or whether Samantha signed the mortgage deed, summary judgment is denied.[1]

It is ORDERED:

Plaintiff's Motion for Summary Judgment is DENIED.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: __1/7/21__

_____
Thomas R. McKeon
Justice, Maine Superior Court

Christopher Brooks for plaintiff.

Jeremy Dean for defendant (P.R.)

---

[1] Defendant also contested whether the summary judgment motion met the Law Court's requirements for summary judgment on a foreclosure. The court need not reach that issue.